**In the Matter of SEARLES CASTLE ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 81–00160–G.**

United States Bankruptcy Court, D. Massachusetts.

June 29, 1981.

Gerald Denmark, Pittsfield, Mass., for debtor.

Irving D. Labovitz, Washington, D. C., for Alpha Futura, Ltd.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

On March 6, 1981, Searles Castle Enterprises, Inc. (the "Debtor") filed a Petition for Relief pursuant to Chapter 11 of the New Bankruptcy Code. 11 U.S.C. §§ 1101, et seq. Pursuant to § 1101, a Chapter 11 debtor means a "debtor in possession" and, as such, it has all the rights and powers, and shall perform all the functions and duties of a trustee in bankruptcy. See 11 U.S.C. §§ 1107, 1106 and 704.

On June 16, 1981, the Debtor filed an *Application for Authority to Sell Real and Personal Property Free and Clear of Liens and Encumberances.* In effect, the Debtor seeks to sell all of its real and personal assets as a "going concern", that of a hotel-restaurant-tourist center, with any and all valid liens that currently exist to attach to the proceeds of the sale. This is a very common practice in the bankruptcy courts

in order to allow trustees and debtors to liquidate assets without first litigating difficult questions of law with lien creditors.

In the case at bar, there was a hearing held at Springfield, Massachusetts June 23, 1981 to consider the Application and objections, if any. At that hearing, Alpha Futura, Ltd., by counsel, made oral objection to the Debtor's Application, and has since supplemented its objection with a written letter to the court. The gravamen of its objection is that as a 75% stockholder of the Debtor, it was entitled to proper notice of the proposed sale and, more importantly, was entitled to a stockholder vote to authorize the sale of all or nearly all of the Debtor's assets. The Debtor claims that in fact notice of the Application was sent to counsel for Alpha Futura and otherwise says that the Application is in the proper form and ready for disposition.

## DISCUSSION

First, let me point out that under the old Bankruptcy Act[1], a debtor in possession was not considered the same entity as the pre-bankruptcy company, but was a new entity created with its own rights and duties, subject to judicial supervision. *Shopmen's Local Union No. 455, etc. v. Kevin Steel Products, Inc.*, 519 F.2d 698 (2d Cir. 1975). Under that doctrine, a debtor in possession, or a reorganization trustee, had all the power of an ordinary trustee. *Central Hanover Bank & Trust Co. v. Manhattan Co.*, 105 F.2d 130 (2d Cir. 1939). Further, it has been held that where a debtor in possession has been at all times in possession of its property and has operated its business, the directors of the debtor have the powers and responsibilities of trustees in bankruptcy. *In re Los Angeles Lumber Products Co.*, 37 F.Supp. 708, later proceeding 46 F.Supp. 77 (D.Cal.1941).

Under the new Code, §§ 1107 and 1108 give a debtor in possession all the powers of a Chapter 11 trustee and the

1. Repealed by the new Bankruptcy Code (Bankruptcy Reform Act of 1978–P.L. 95–598)

effective October 1, 1979.

authority to operate the business. In operating the business, the debtor in possession will have the administrative powers set forth in Chapter 3 of the Code. 11 U.S.C. §§ 301, et seq. Pursuant to § 363, the debtor in possession is authorized to use, sell or lease, other than in the ordinary course of business, property of the estate. 11 U.S.C. § 363(b).

Alpha Futura has objected to the sale on the basis that it alone, as the majority stockholder of the debtor, has the power to authorize such a sale. That assumption is categorically incorrect in a bankruptcy context. Once an Order for Relief is entered in a Chapter 11 case, a "debtor in possession", like a bankruptcy trustee, succeeds to all the legal title of the debtor, and is invested with the authority to sell the assets of the debtor subject to court approval. Further, a stockholder of a debtor corporation, for purposes of a bankruptcy proceeding, is treated like any other creditor of the debtor, albeit, the last "creditor" in priority. While it may be entitled to notice, and the representations of counsel suggest that notice was sent to counsel for Alpha not to Alpha itself, the court here finds that Alpha Futura in fact appeared at the hearing and had an opportunity to object. Its objection states that it wants additional time to examine the terms of the sale. Since my remarks above make it clear that a stockholder, even a majority holder, is not entitled to veto or otherwise authorize a sale by the debtor in possession, Alpha's objection must be denied. I can find no compelling reason in the application itself for denying the relief sought, nor has any interested party presented any.

If Alpha Futura wishes to delay the sale until it has had further opportunity to review the package as proposed, the court would be willing to do so *provided* that it is also willing to reimburse the estate for any loss that may occur as a result thereof. Since the debtor has represented that its sale is scheduled for July 1 in order to give the buyer the full benefit of the July 4 holiday, and the subsequent tourist season, and since the buyer says it will not buy at the current sale price if there is delay, the possibility of loss to the estate seems highly probable if the sale is not consumated on or about July 1st. Since Alpha, by its counsel, has made no indication that it would be willing to reimburse the estate for loss, and since I can find no legal or factual basis for denying the Debtor's Application, the court is disposed to allow it, and an order shall enter thereon.