

---

John C. Thomas, Minneapolis, Minn., for indentured trustee.

Diane D. Malfeld, Minneapolis, Minn., for lender.

Donald R. Johnston, Minneapolis, Minn., for unsecured creditors committee.

## MEMORANDUM ORDER DISALLOWING EMPLOYMENT OF ATTORNEYS

ROBERT J. KRESSEL, Bankruptcy Judge.

The debtor filed a Chapter 11 petition on January 11, 1983. On January 26, 1983, the debtor in possession filed two applications for authority to retain legal counsel. One application requested Court approval for the debtor in possession to employ Gray, Plant, Mooty & Bennett (Gray, Plant) as "reorganization and corporate counsel". The second application sought approval for the debtor in possession to employ Nachman, Munitz & Sweig (Nachman) as special reorganization counsel to assist Gray, Plant. The applications came on for hearing on February 1, 1983.

David T. Bennett and Richard Flint appeared on behalf of the debtor. John Thomas appeared on behalf of the First Trust Company of St. Paul as indenture trustee. Diane Malfeld appeared on behalf of Walter E. Heller & Co. Don R. Johnston appeared on behalf of the Creditors' Committee. The United States Trustee filed written objections to the debtor's applications.

Based on the argument of counsel, the testimony of the debtor's chief executive officer, and all the files and records, the Court makes the following:

## MEMORANDUM ORDER

Pursuant to 11 U.S.C. § 1107, a debtor in possession has all the rights and must perform all the functions and duties of a trustee. To assist the trustee or debtor in possession in carrying out his responsibilities described in § 1106 of the Code, Congress enacted 11 U.S.C. § 327 authorizing the employment of professional persons. Insofar as employment of professionals to represent the debtor in possession, § 327(a) sets forth criteria for evaluation of the professional. These standards, directed at avoiding conflicts of interest, require that the professional person not hold or represent an interest adverse to the estate AND be a "disinterested person" as defined in 11 U.S.C. § 101(13). This particular section states:

> "disinterested person" means person that
> (A) is not a creditor, an equity security holder, or an insider . . .
> (D) is not and was not, within two years before the date of the filing of the petition, a director, officer, or employer of the debtor . . .
> (E) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest on, the debtor . . .

The application for approval of Gray, Plant raises several issues: whether the positions held by two of Gray, Plant's attorneys with the debtor render them not "disinterested persons"; whether the disqualification of two Gray, Plant attorneys is imputable to the entire firm; and whether Gray, Plant is excepted from the "disinterested person" standard by application of 11 U.S.C. § 1107(b).

11 U.S.C. § 101(13)(D) clearly indicates that individuals who are or have been directors or officers within two years before the filing of the petition are not "disinterested persons." Russell Bennett, who is a member of Gray, Plant, has served on the debtor's board of directors since 1969. Richard Flint, who is also a member of Gray Plant, has been secretary of the Debtor since 1969. In addition, both Bennett and Flint are equity security holders of the debtor. Clearly they are not "disinterested persons" as described in § 101(13)(D) and required by § 327(a) for approval of employment.

The issue of imputability of disqualification to the entire firm is answered by application of a section of the Code of Profes-

sional Responsibility. Disciplinary Rule 5–105(D) states:

"If a lawyer is required to decline employment ... no partner, or associate, or any other lawyer affiliated with him or his firm, may accept or continue such employment."

It seems clear to me that in keeping with the tenor of the Rule, Gray, Plant is disqualified because of the disqualification of Bennett and Flint.

■ Gray, Plant claims that 11 U.S.C. § 1107 is a blanket exception to § 327(a). § 1107 provides:

"Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

I think Gray, Plant's argument overlooks the word "solely" in that section. I agree that Gray, Plant is not disqualified solely because it was the debtor's attorney before the commencement of the case; it is disqualified because two of its members are officers, directors and equity security holders. I conclude, therefore, that the debtor may not employ Gray, Plant to assist it in carrying out its duties under Title 11. In the words of the debtor's application, Gray, Plant may not be "reorganization" counsel.

However, Gray, Plant would appear to meet the qualifications of 11 U.S.C. § 327(e) which sanctions employment of professionals for "specified special purpose[s]" without incorporating the "disinterested person" standard of 11 U.S.C. § 327(a). The reference to "corporate counsel" in the application is too vague. However, on proper application, I would consider Gray, Plant's employment for specified special purposes other than representation of the debtor in conducting the case.

The application for approval of Nachman, Munitz & Sweig, insofar as it was contingent on approval of Gray, Plant is rendered moot.

IT IS THEREFORE ORDERED:

1. The debtor's application for authority to retain Gray, Plant, Mooty & Bennett is denied.

2. The debtor's application to employ Nachman, Munitz & Sweig is denied.

## In re LEISURE DYNAMICS, a/k/a Lakeside Games Division, a/k/a Lakeside Cox Division.

### Bankruptcy No. 3-83-43.

United States District Court,
D. Minnesota.