### In re LEISURE DYNAMICS, a/k/a Lakeside Games Division, a/k/a Lakeside Cox Division.

### Bankruptcy No. 3-83-43.

United States District Court,
D. Minnesota.

March 28, 1983.

David T. Bennett and Richard N. Flint, Minneapolis, Minn., for debtor.

John C. Thomas, Minneapolis, Minn., for indentured trustee.

Diane D. Malfeld, Minneapolis, Minn., for lender.

Donald R. Johnston, Minneapolis, Minn., for unsecured creditors committee.

## SUPPLEMENTAL MEMORANDUM

ROBERT J. KRESSEL, Bankruptcy Judge.

The debtor, Leisure Dynamics, Inc. (Leisure), filed a Chapter 11 petition on January 11, 1983. On January 26, 1983, Leisure filed two applications pursuant to 11 U.S.C. 327(a) for approval to retain attorneys.[1] The matter came on for hearing on February 2, 1983 and an order denying both applications was entered February 4, 1983. 32 B.R. 751.

Leisure's delay in filing the applications meant that Leisure was without representative legal counsel. Thus in entering my order, I sought to act quickly so that an appropriate resolution to the problem could be reached.[2] Due to the time factor involved, I could not fully explain my reasons for disqualifying Gray, Plant, Mooty, Mooty & Bennett (Gray, Plant). However, I now have the opportunity to do so, and therefore, I am entering the following:

## SUPPLEMENTAL MEMORANDUM

After submitting its application for appointment as reorganization counsel, Gray, Plant submitted a rather lengthy memorandum in support of its position. The Gray, Plant memorandum began by quoting 11 U.S.C. 327(a) and repeatedly emphasizing the Code's use of the word "trustee" in that section. (Debtor's Memorandum p. 3). However, 11 U.S.C. 1107(a) makes clear that a debtor in possession stands in the shoes of a trustee in every way except for certain investigative duties. See also Interim Bankruptcy Rule 1001(b)(3). Thus, Gray, Plant's attempt at distinguishing the requirements of § 327(a) by the Code's use of the word "trustee" is meaningless: the qualification requirements apply to both the trustee and the debtor in possession. See *In re Searle Castle Enterprises,* 12 B.R. 127 (Bkrtcy.Mass.1981), aff'd 17 B.R. 440 (Bkrtcy.App. 1st Cir.1982); *In re Cummins,* 8 B.R. 701, 3 C.B.C.2d 793 (Bkrtcy.C.D.Calif. 1981).

■ Gray, Plant then discussed the elements of § 327(a) which mandates that a professional be "disinterested" and not hold or represent an interest adverse to the estate. "The plain language of § 327(a) requires a conjunctive reading of the two requirements, as the legislative history makes clear." (Debtor's Memorandum p. 3). I agree with such an interpretation. However, Gray, Plant went on in an attempt to twist § 327(a) into a DISqualification section: that the section required finding both non-disinterestedness AND adverse interest to be disqualified. Clearly that is not a correct reading of the section. The Code states that the attorney must be both disinterested and not hold or represent an interest adverse to the estate. § 327(a) is qualification section, and as such, failure to meet either element mandates disqualification. (See also the discussion infra regarding 11 U.S.C. 328(c) which allows the court to deny compensation for failure to meet either standard of § 327(a).)

In its discussion of § 1107(b) Gray, Plant made two arguments: that § 1107(b) is a blanket exception to the requirements of § 327(a), or in the alternative, that the disinterested standard was made inapplicable

---

1. There was no explanation for the delay in filing the applications.

2. Leisure subsequently made an application to employ Gray, Plant pursuant to 11 U.S.C. 327(e) as "corporate counsel" on February 17, 1983 which was approved. Leisure also made an application to employ Doherty, Rumble & Butler as "reorganization counsel" pursuant to 11 U.S.C. 327(a) on February 23, 1983 which was also approved.

by § 1107(b) and disqualification requires a finding of a "disabling conflict". (Debtor's Memorandum p. 5–6). Both arguments are wholly without basis in the Code. § 1107(b) provides that:

(b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under Section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

As the Supreme Court pointed out in *Ernst & Ernst v. Hochfelder:* "[T]he starting point in every case involving construction of a statute is the language itself." (425 U.S. 185, 197, 96 S.Ct. 1375, 1383, 47 L.Ed.2d 668 (1976). See Debtor's Memorandum p. 3). It seems clear from reading § 1107(b) that a very narrow exception is being drawn to the requirements of § 327(a). The exception is that disqualification is not mandated solely because of prior employment or representation by the debtor. Despite what Gray, Plant states (Debtor's Memorandum p. 6 and 8), Collier on Bankruptcy is also consonant with this Court's interpretation of § 1107(b):

Thus, pursuant to section 327(a), the debtor in possession may employ, with the court's approval, one or more attorneys ... provided that such persons do not hold or represent interests adverse to the estate, and that such persons are disinterested persons, subject to the exception set forth in 1107(b).

§ 1107.02, at 1107–4 (15th ed. 1980). Regardless of the exception drawn by § 1107(b), it is my opinion that Gray, Plant does not fit the requirement. Gray, Plant is not disqualified "solely because of [their] employment by or representation of the debtor before the commencement of the case." Gray, Plant is disqualified because two of its members are "insiders" and non-disinterested persons by virtue of their positions as director, secretary, and equity security holders of the debtor.

Had Congress intended § 1107(b) to be a blanket exception to the requirements of § 327(a) or to make the disinterested person standard inapplicable, it would have expressly said so. Instead Congress deliberately chose to place both constraints on the debtor in possession when it enacted the new Code (under Bankruptcy Rule 215 only the adverse interest standard was applied for disqualification of an attorney for the debtor in possession under the old Bankruptcy Act—see Debtor's Memorandum p. 7). Therefore, it seems that the Congressional intent is clear: that the disinterested standard as well as the adverse interest standard is to be applied in evaluating the employment of professionals by a debtor in possession pursuant to § 327(a), subject to the narrow exception drawn by § 1107(b).

This interpretation of the Congressional intent is bolstered by an examination of the language of § 327(e). This section states:

(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Congress deleted the "disinterested person" requirement when it enacted § 327(e). Therefore, for appointment under 327(e) only the adverse interest standard must be met. From a comparison of the two sections, 327(a) and 327(e), it is clear Congress intended different qualifications for employment under the two sections.

Gray, Plant attempted to bolster its arguments by drawing an analogy to § 328(c) of the Code which states:

Except as provided in section ... 1107(b) of this title, the court may deny allowance of compensation for services ... of a professional person employed under section 327 ... if at any time during such professional person's employment under section 327 ... such professional person is not a disinterested person, or represents or holds an interest adverse to the estate with respect to the matter on

which such professional person's employed.

(See debtor's Memorandum p. 13). Gray, Plant argued that for the § 1107(b) language to have any meaning in § 328(c), § 1107(b) must be read as creating an exception to the 327(a) standards. That simply is not true. § 328(c) merely allows compensation for those persons employed by the debtor in possession as professional persons under § 327(a) who prior to the bankruptcy case were employed by or represented the debtor and fell within the § 1107(b) limited exception. § 328(c) is by no means a blanket exception to the elements of § 327(a); it clearly reiterates the elements as reasons for denying compensation to a professional. However, the section recognizes that compensation should be given to those persons who qualified for their professional employment through the § 1107(b) "prior employment" exception. § 328(c) was designed to cover the situation where the reason for disqualification arises after approval was given for employment under § 327(a) but parallelling the nondisqualification for an § 1107(b) employee. It also reinforces the requirement of § 327(a) in case the court was not properly informed at the time of the application.

■ Gray, Plant also alleged that it is in the best position to help the debtor in possession reorganize and that denial of the appointment would seriously impair Leisure's ability to operate. (Debtor's Memorandum p. 12, 19–22). First, it should be pointed out that "being in the best position" is not the standard for approval of appointment under § 327(a): disinterestedness and non-adverse interest are the tests to be met. Their argument went mostly to continuity in handling Leisure's corporate affairs, however, this suggests that I can ignore Congressional intent. Their argument should be to Congress to strike a different balance as was done in § 327(e). (See discussion p. 4 supra). Secondly, I am not sure that Gray, Plant is in the best position to be reorganization counsel. A debtor in possession has fiduciary responsibilities imposed upon it in dealing with property of the estate. See *Matter of Halux, Inc.,* 665 F.2d

213 (C.A.Minn.1981); *In re E. Paul Kovacs and Co., Inc.* 16 B.R. 203 (Bkrtcy.D.Conn. 1981); and *In re Wesco Products Co.,* 22 B.R. 107, 9 B.C.D. 400 (Bkrtcy.N.D.Ill.E.D. 1982). Congress wanted an attorney with independence to "assist 'in carrying out' duties under [The Bankruptcy Code]". I agree.

Leisure's application for the appointment of Gray, Plant alleged that "Gray, Plant has extensive experience in reorganization matters of the type to be handled before this Court." I am aware of only one other Chapter 11 case in which Gray, Plant has represented a debtor in possession in this district. Initial doubt had been cast on the experience of Gray, Plant when the application for employment as attorney was submitted more than two weeks after the commencement of the case. Their claim of experience was also seriously undercut by the simultaneous application for the employment of Nachman, Munitz & Sweig as "special counsel" to *assist* Gray, Plant in the bankruptcy matters. (Paragraph 3, 5b, 5e, 5d, 5e of Application of Debtor for Appointment of Special Counsel and Debtor's Memorandum p. 22). Nachman was admittedly to be used as a "lawyer's lawyer" to provide Gray, Plant with direction and advise in how to proceed with the bankruptcy case. (Debtor's Memorandum p. 23 and Application of the Debtor for Appointment of Special Counsel p. 2–3). The need for the appointment of Nachman demonstrated Leisure's own doubts as to the ability of Gray, Plant to operate as reorganization counsel. It is worth noting that before and after the order denying their appointment as reorganization counsel, Gray, Plant continued to perform legal services for Leisure. It also took Gray, Plant almost two additional weeks after the entry of the order denying their employment under § 327(a) to submit an application under § 327(e) which the Court had virtually invited in the February 4, 1983 order.

There is little reported case law in the area of employment of professional persons. However, there is no controlling authority which has taken a position contrary to my

interpretation of § 1107(b). The one case cited and the few unreported cases discussed by Gray, Plant were either clearly distinguishable on their facts from the present case or mistaken in the application of the Code requirements, or both.

*In re Heatron, Inc.,* 5 B.R. 703 (Bkrtcy.W. D.Mo.1980) is one case which fits into the former category. The debtor in possession sought approval of the appointment of its pre-petition counsel despite the fact that the attorney was one of the debtor's ten largest creditors. Judge Pelofsky approved the application stating that as an unsecured creditor it would be in the attorney's best interest to help the debtor succeed in reorganizing to assure maximum payment to the unsecured creditors. The Court also said that although the attorney was clearly not disinterested because of the debt, § 1107(b) operated to allow his employment because the debt arose out of pre-petition representation of the debtor. Therefore the Court believed that the debt was within the realm of exception provided by § 1107(b). (Note: the issue in *Heatron* is identical to that raised in Leisure's application for the employment of Price Waterhouse as accountants. I decided that the *Heatron* analysis of § 1107(b) clearly fit Price Waterhouse and their application was approved.)

The case of Gray, Plant is clearly distinguishable from the situation of the *Heatron* attorney. Gray, Plant is not a creditor of Leisure and its disqualification was not mandated because of the law firm's relationship with the debtor. The disqualification of Gray, Plant is based on the relationship that two of its members have with the debtor: one is on the board of directors of Leisure while the other is the secretary of the corporation. Both are also equity security holders. Both participated in the decision to put the company into a Chapter 11 situation and both continue operating in their positions with Leisure. Thus they do not fall within the § 1107(b) exception as the *Heatron* attorney did because their disqualification is not predicated solely on their PRIOR employment by the debtor.

Gray, Plant also cited *In re AM International, Inc.* as support for its position. (Debtor's Memorandum p. 17). However, that approval by the Illinois bankruptcy court was based on the appointment being "special counsel" pursuant to § 327(e). I indicated in my order denying the Gray, Plant appointment that they may qualify under this section of the Code. But such an appointment is totally different from approval under § 327(a). Thus I found the *AM International* argument unconvincing on Gray, Plant's application under § 327(a).

To the extent other courts have ignored the disinterested person test, I think they did so because they disagreed with the congressional policy. I decline to substitute my judgment for that of Congress.

There also is precedent in this district for my decision to disqualify Gray, Plant as reorganization counsel. In *In re Super Dupes, Inc.,* Case No. 4–81–1409, United States Bankruptcy Court for the District of Minnesota, the United States Trustee voiced an objection to the retention of Allan T. Quello as the attorney for the debtor in possession because Mr. Quello was an officer and a director of the debtor, thus rendering him nondisinterested. Judge Nordin ordered the attorney to immediately cease all representation of the debtor in possession based on the U.S. Trustee's objection. (August 14, 1981)

The facts in *Super Dupes* are virtually identical to this case. I reach the same conclusion as Judge Nordin.

In my opinion Gray, Plant is disqualified from representing the debtor in possession. The Code sets forth very stringent standards that must be met for approval as counsel. Gray, Plant does not meet those standards.