**In re LEISURE DYNAMICS, INC., a/k/a Lakeside Games Division, a/k/a Lakeside/Cox Division.**

Civ. No. 3–83–186.

United States District Court,
D. Minnesota,
Third Division.

Aug. 1, 1983.

MEMORANDUM ORDER

ROBERT G. RENNER, District Judge.

Before the court is debtor's appeal of an interlocutory order of the bankruptcy court.

David T. Bennett appears for the debtor and Robert C. Neill appears as attorney for the U.S. Trustee. The matter was submitted on briefs.

On January 26, 1983, debtor Leisure Dynamics, Inc. (Leisure) filed an application under section 327 of the Bankruptcy Code for leave to retain the firms of Gray, Plant, Mooty, Mooty & Bennett (Gray Plant) and Nachman, Munitz & Sweig, Ltd., a Chicago bankruptcy firm, as attorneys to represent Leisure in its pending Chapter 11 case. The United States Trustee filed an objection to the application on the grounds that Gray Plant was not a "disinterested person" as defined in 11 U.S.C. § 101(13). No other objections were filed.

The matter was heard before the Honorable Robert J. Kressel, United States Bankruptcy Judge, on February 1, 1983. On February 4, 1983, 32 B.R. 751, the bankruptcy court issued an order disallowing Leisure's employment of Gray Plant. Judge Kressel found that Gray Plant was not disinterested because one of the firm's partners is a secretary and another a director of Leisure and both are security holders in Leisure. Judge Kressel also held that retention of Nachman, Munitz & Sweig, Ltd. was moot because it was "contingent on approval of Gray Plant." Judge Kressel subsequently approved Gray Plant as counsel to represent Leisure in certain matters other than the reorganization proceedings.

On February 14, 1983, Leisure filed both an application for leave to appeal and a notice of appeal.[1] The court granted leave to appeal on April 18, 1983.

On appeal, the Leisure argues that the bankruptcy court erred in holding that the attorneys employed by a debtor in possession to represent it in a Chapter 11 reorganization proceeding must be disinterested. The starting point for discussion of this contention is section 327(a) of the Bankruptcy Code, which provides:

[t]he trustee with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). The term "disinterested person" is defined in section 101(13)(A) as a person who is not a creditor, an equity security holder, or an insider of the debtor. Under section 101(25)(B), insiders include officers and directors of the debtor. Accordingly, under section 327(a), a person can serve as an attorney to the trustee only if (1) he is not a security holder, creditor or director of the debtor and (2) he does not hold or represent an interest adverse to the estate.

Leisure argues that this requirement does not apply to attorneys hired by a debtor in possession. Rather, Leisure maintains, a debtor in possession may hire an attorney who is not disinterested as long as the attorney does not hold or represent an interest adverse to the estate. The bankruptcy court, in a well-reasoned opinion, held otherwise. The court agrees.

As the bankruptcy court noted, Leisure's argument that § 327(a) is inapplicable to debtors in possession because only the word trustee is used is without merit. Under 11 U.S.C. 1107(a), a debtor in possession has all the rights, powers and a duties of a trustee, with the exception of certain investigative duties. See In re Searle Castle Enterprises, 12 B.R. 127 (Bkrtcy.Mass.1981), aff'd 17 B.R. 440 (Bkrtcy.App., 1st Cir.1982). Thus, the qualification requirements apply to both the trustee and the debtor in possession.

Leisure's extensive reliance on the pre-Code Bankruptcy Act, under which the requirements differed for a trustee and a debtor in possession, is misplaced, since the legislative history makes clear that a change in the previous system was intended. The Senate Judiciary Report states:

This section places a debtor in possession in the shoes of a trustee in every way. The debtor is given the rights and powers of a chapter 11 trustee. He is required to

---

1. The two cases, Civ. Nos. 3–83–186 and 3–83–367, have now been consolidated. *See* Order of Judges Renner and Magnuson dated April 8, 1983.

perform the functions and duties of a chapter 11 trustee (except the investigative duties). He is also subject to any limitations on a chapter 11 trustee, and to such other limitations and conditions as the court prescribes. [citation omitted.]

S.Rep. No. 95–989 to accompany S. 2266, 95th Cong., 2d Sess. (1978) at 116, U.S.Code Cong. & Adm.News 1978, pp. 5787, 5902.

Leisure argues nevertheless that Section 1107(b) removes the absolute bar to employment of a person who is not disinterested when the person represented the debtor before the commencement of the case. This argument is equally unpersuasive; indeed, it is refuted by the unambiguous language of the provision. Section 1107(b) provides:

Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

This section plainly means that disqualification is not mandated solely because of prior employment or representation by the debtor. Since Gray Plant was found to be disqualified because two of its members are insiders as defined by the Code, section 1107(b) does not apply. Leisure's conclusion that the section applies to totally exclude the "disinterested person" requirement in cases where a debtor in possession, rather than a trustee, employs an attorney, requires a tortured interpretation which the court cannot accept.

Accordingly, based upon the foregoing, the briefs and the record, IT IS HEREBY ORDERED that the Order of Judge Kressel disqualifying Gray Plant as attorneys in the chapter 11 proceeding is affirmed.