In re HEMPSTEAD REALTY
ASSOCIATES, Debtor.

Bankruptcy No. 20356.

United States Bankruptcy Court,
S.D. New York.

Nov. 17, 1983.

Leon C. Baker, New York City, for debtor.

Bachner, Tally & Mantell, New York City, for Massachusetts Mut. Life Ins. Co.

Cornelius Blackshear, United States Trustee, New York City, John P. Campo, of counsel for trustee.

DECISION ON UNITED STATES TRUS-
TEE'S OBJECTIONS TO EMPLOY-
MENT OF LEON C. BAKER, ESQ.,
AS SPECIAL COUNSEL.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The United States Trustee for the Southern District of New York objects to the proposed retention of Leon C. Baker, Esq. as special counsel to Hempstead Realty Associates, the debtor in possession in this Chapter 11 case. The objection is bottomed on the fact that Leon Baker is the general partner of the debtor, which is a limited partnership, and therefore, he is an "insider" who fails to meet the disinterestedness test in 11 U.S.C. § 101(13)(A).

The debtor's business is operating a shopping center in West Hempstead, New York. Its principal asset, the shopping center, was previously used as an S. Klein, and subsequently, a Korvettes department store. When Korvettes filed a Chapter 11 petition, it disaffirmed the lease. However, McCrory Corporation, the parent of S. Klein, has continued to pay rent. The debtor also receives rent from F.W. Woolworth & Co. A first mortgage on the debtor's property is held by Massachusetts Mutual Life Insurance Company.

On July 8, 1983, the debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101–1174 in order to effect a reorganization which would permit the debtor to continue in business. Its general partner, Leon C. Baker,

Esq., is an experienced attorney who is counsel to the New York City law firm of Gordon Hurwitz Butowsky Baker Weitzen & Shalov. He has previously handled various Chapter 11 cases for other clients in this court and elsewhere. Mr. Baker seeks to shepherd this debtor through its Chapter 11 case as special counsel. No application for retention of counsel has yet been submitted to this court for approval other than the debtor's application to retain Mr. Baker as special counsel.

The debtor's application to retain Mr. Baker describes his status vis-a-vis the debtor as follows:

> To the best of debtor's knowledge, Leon C. Baker has no connection with the creditors, or any other party in interest, or their respective attorneys except that (a) he is the general partner of debtor, and (b) he is a trustee of Coleman Capital Corporation Employee's Profit Sharing Trust, a whose interest appears to be entirely parallel to those of debtor in this proceeding.

The debtor does not agree with the United States Trustee that Mr. Baker is disqualified from being retained as special counsel and asserts that it does not seek the appointment of Mr. Baker as general counsel, but only as special counsel pursuant to 11 U.S.C. § 327, which section, according to the debtor, does not require that an attorney be disinterested. This position cannot be sustained because the professional services to be performed by Mr. Baker are more appropriately the sort of legal work that general counsel for a Chapter 11 debtor must pursue.

## COUNSEL'S PROPOSED SERVICES

The application to retain Mr. Baker as special counsel recites the professional services which he will render as follows:

> (a) to give debtor legal advice with respect to its powers and duties as debtor in possession in the continued operation of its business and management of its property;
>
> (b) to prepare on behalf of debtor as debtor in possession necessary applications, answers, orders, reports and other legal papers;
>
> (c) to perform other legal services for debtor as debtor in possession which may be necessary herein;
>
> (d) to assist debtor in preparing a plan of arrangement.

[redacted] It is clear from the proposed legal services that Mr. Baker will be retained to perform all the legal services that will be necessary for the debtor to achieve an effective reorganization. He is not limited in any respect or confined to any specific project or proceeding. Regardless of what label the debtor ascribes to Mr. Baker's proposed legal services, the court must regard Mr. Baker's retention in the same light in which general counsel for Chapter 11 debtors must submit their credentials.

Code § 327(a) authorizes a trustee (including a debtor in possession) to employ professionals, such as attorneys, accountants, appraisers and auctioneers, with the court's approval, provided that they "do not hold or represent an interest adverse to the estate, and that they *are disinterested* persons . . . ." (emphasis added) A "disinterested person" is defined in Code § 101(13)(D) to be someone who "is not and was not, within two years before the date of the filing of the petition a director, officer or employee of the debtor . . . ." Additionally, pursuant to subsection (E), such person must not have an interest "materially adverse to . . . any class of creditors . . . by reason of any direct or indirect relationship to, connection with, or *interest in,* the debtor . . . ." (emphasis added)

[redacted] Manifestly, Mr. Baker's interest in the debtor as a general partner bars him from qualifying as a "disinterested person" within the meaning of Code § 101(13). He is therefore ineligible to be retained by the debtor pursuant to Code § 327(a).

The debtor does not claim that Mr. Baker represented it before the commencement of this Chapter 11 case and that Code § 1107(b) should be read to support a continuation of such representation. Code § 1107(b) provides:

§ 1107. Rights, powers, and duties of debtor in possession.

.    .    .    .    .

(b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

Had the debtor raised this issue, the response would be that the requirement of "disinterest" contained in Code § 327(a) is also applicable to Code § 1107(b). *See In re Leisure Dynamics,* 32 B.R. 753 (Bkrtcy.D. Minn.1983), *aff'd,* 33 B.R. 121 (Bkrtcy.D. Minn.1983).

Evidently the debtor seized upon the special counsel concept because the disinterest requirement stated in Code § 327(a) is not repeated in subsection (e) with respect to attorneys who are retained "for a specified special purpose." This subsection provides:

(e) The trustee, with the court's approval, may employ, *for a specified special purpose,* other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

However, subsection (e) requires that such special counsel may not hold an interest "adverse to the estate." This language is expanded upon in Code § 101(13)(E) where a disinterested person is defined in the context of holding an adverse interest to "the estate or of any class of creditors or equity security holders . . . ." Clearly, the general partner of a Chapter 11 limited partnership debtor holds an interest materially adverse to the creditors of the debtor. Indeed, the tension between the partnership and its creditors gave rise to the filing of the Chapter 11 petition. Accordingly, even if Mr. Baker's legal duties for the debtor were to be treated within the framework of employment for "a specified special purpose," as described in Code § 327(e), he would, never-

theless, be ineligible to receive authorized compensation for such services. Therefore, the debtor's application to retain Mr. Baker's legal services is denied.

SUBMIT ORDER on notice.