In re LAKESIDE I CORPORATION, Edward C. Tietig, Emerald Lake Village Condominiums, Inc., Emerald Lake Development & Construction Company, Debtors.

Bankruptcy Nos. 88–5404–8P1, 88–5579–8P1, 88–6778–8P1 and 88–6779–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 23, 1990.

**232**

Larry M. Foyle, Tampa, Fla., for Tietig.

Michael Brundage, Tampa, Fla., for Citibank.

ORDER DISAPPROVING DEBTORS' AP-
 PLICATION TO EMPLOY FARM &
 GROVE REALTY COMPANY AND
 SUSTAINING OBJECTIONS BY THE
 U.S. TRUSTEE AND CITIBANK
 (FLORIDA), N.A.

ALEXANDER L. PASKAY, Chief
Judge.

THIS CAUSE came on for hearing with
notice to all parties in interest in the above-
captioned consolidated Chapter 11 cases,
upon an Application filed by Emerald Lake
Development & Construction Company
(Debtor) to retain Ackley Realty, Inc., and
Farm & Grove Realty Company (Farm &
Grove) as co-brokers to assist the Debtors
in selling certain real property known as
Lot 22 located in Osceola County, Florida.
Also under consideration are Objections to
the Application, but only as it relates to
Farm & Grove, filed by the U.S. Trustee
and Citibank (Florida), N.A. (Citibank), on
the basis that Farm & Grove is not "disin-
terested" as required by 11 U.S.C. § 327(a).

The record reveals that on August 20,
1990, this Court entered an Order approv-
ing the Debtors' employment of Ackley Re-
alty, Inc., but deferring ruling on the Appli-
cation as it relates to Farm & Grove pend-
ing the submission of memoranda by par-
ties in interest. Since that time, this Court
has approved the sale of Lot 22. The
Court has considered the Application, to-
gether with the record and argument of
counsel, and finds that the employment of
Farm & Grove should not be authorized for
the following reasons:

Although the Debtor has failed to file a
verified statement setting forth Farm &
Grove's connections with the Debtors as
required by Bankruptcy Rule 2014, the
Debtor admits that Edward C. Tietig, one
of the consolidated Debtors in this case, is
the 100% shareholder of Farm & Grove.

11 U.S.C. § 327(a) of the Bankruptcy
Code permits the Debtor to employ profes-
sionals who "... do not hold or represent
an interest adverse to the estate, and that
are disinterested persons ..."

■ 11 U.S.C. § 327(a) makes it clear
that the professional to be employed must
first not hold any interest adverse to the
estate, and second, must be a "disinterest-
ed person." *In re Leisure Dynamics, Inc.,*
33 B.R. 121 (D.Minn.1983). Both prongs of
the test must be met in order for a profes-
sional to be employed to represent the
Debtor. *In re Michigan General Corp.,*
78 B.R. 479 (Bankr.N.D.Texas 1987).

■ 11 Section 101(13)(A) defines a "dis-
interested person" as one who "is not a
creditor, an equity security holder, or an

insider ...." In turn, 11 U.S.C. § 101(30)(E) defines an insider to include an affiliate of the Debtor. 11 U.S.C. § 101(2)(B) in pertinent part defines an affiliate as a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned ... by the debtor, or by an entity that ... owns ... 20 percent or more of the outstanding voting securities of the debtor...." Based on the foregoing, Farm & Grove is undoubtedly an affiliate and thus, an insider, of the Debtor. By virtue of this fact, the Debtor concedes, as it must, that Farm & Grove fails to satisfy the requirements of 11 U.S.C. § 327(a).

 To escape this conclusion, the Debtor contends that its employment and payment of Farm & Grove is nevertheless justified as the proposed employment is for a specifically defined transaction, it is on terms no different than would be extended to a non-affiliated third party broker, and the employment and payment would not harm the estate or the Debtors' creditors. In support of this argument, the Debtor relies on 11 U.S.C. § 1107(b) which provides that "notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

This narrow exception to 11 U.S.C. § 327, while giving the debtor in possession greater latitude than a trustee in employing professional persons, see In re Federated Department Stores, Inc., 114 B.R. 501 (Bankr.S.D.Ohio 1990), does not alleviate the requirement that professionals to be employed must be "disinterested". It simply provides that the debtor's prepetition employment of a professional does not automatically disqualify that professional from being employed by the Debtor post-petition.

In view of the fact that the test of 11 U.S.C. § 327 has not been met, the Application as it relates to Farm & Grove must be disapproved. Further, in light of the Debtors' previous success in employing Ackley Realty, Inc., to act as broker, this Court finds that the Debtors will not be prejudiced by the disapproval of this Application.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Application to Retain Professional Services for Real Estate Brokerage from Farm & Grove Realty Company filed by the Debtor, be, and the same is hereby, disapproved. It is further

ORDERED, ADJUDGED AND DECREED that the Objections to the Application filed by the U.S. Trustee and Citibank (Florida), N.A., be, and the same are hereby, sustained.

DONE AND ORDERED.