934 F.2d 723
 60 USLW 2046, 21 Bankr.Ct.Dec. 1314,
Bankr. L. Rep. P 74,014
 In re MIDDLETON ARMS, LIMITED PARTNERSHIP; Haystack,
Limited; Maple Canyon, L.P.; Cinnamon Ridge, L.P., Debtors,
E. Franklin CHILDRESS, Plaintiff-Appellee,
v.
MIDDLETON ARMS, L.P.; Haystack Ltd.; Maple Canyon, L.P.;
Cinnamon Ridge, L.P., Defendants-Appellants.
 No. 90-6292.
 United States Court of Appeals,
Sixth Circuit.
 Argued May 6, 1991.
Decided June 6, 1991.
 
 Martha L. Davis, Thomas P. Tinker, U.S. Dept. of Justice, Office for U.S. Trustees, Washington, D.C., Beth Roberts Derrick (argued), Nashville, Tenn., for E. Franklin Childress, Jr., United States Trustee, Region VIII.
 E. Franklin Childress, Jr., pro se.
 Diane S. Kuhn, James R. Kelley (argued), Dearborn & Ewing, Nashville, Tenn., for defendants-appellants.
 Before KENNEDY and MARTIN, Circuit Judges, and SPIEGEL, District Judge.*
 KENNEDY, Circuit Judge.
 
 
 1
 The defendants, Middleton Arms, L.P., Haystack, Ltd., Maple Canyon, L.P., and Cinnamon Ridge, L.P., (debtors) appeal the District Court's order reversing the Bankruptcy Court's decision which had approved the debtors' applications for authority to employ a real estate agent, Jacques-Miller, Inc., for the sale of debtor property. For the following reasons, we AFFIRM the District Court's order.
 
 I.
 
 2
 Each of the debtors owns apartment projects at different locations in the South and Midwest. Each debtor is a limited partnership in which Freeman Properties, Inc. is a corporate general partner and there are one or more individual general partners. Each debtor has entered into management contracts with Jacques-Miller Properties, Inc. (Jacques Properties) to manage its apartment projects and the partnership affairs. Jacques Properties is a subsidiary of Jacques-Miller, Inc. (Jacques Inc.). Jacques Inc. has a disposition department that arranges for the sale of apartment projects that are owned by partnerships in which Freeman or Jacques Inc. affiliates are involved. Two of the debtors owe pre-petition debts to Jacques Inc. Haystack owes $814 and Maple Canyon owes $2,234.
 
 
 3
 Each debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code and operates its respective business as debtor in possession under 11 U.S.C. Sec. 1108. Each debtor filed a separate application with the Bankruptcy Court for authority to employ Jacques Inc. as real estate agent for the sale of the apartment projects. The United States Trustee, E. Franklin Childress (Trustee) objects to that employment, and a consolidated hearing was held in the Bankruptcy Court. The parties have stipulated that Jacques Inc. is not a disinterested party under 11 U.S.C. Sec. 101(13), and both parties admit that because of the relationships between Jacques Properties, the Debtors, and Jacques Inc., Jacques Inc. is an insider under 11 U.S.C. Sec. 101(30)(F). The Bankruptcy Court found that although section 327 did not permit the debtors to employ Jacques Inc., the equity powers granted to the Bankruptcy Court under section 105(a) allowed the court to permit the employment.
 
 
 4
 The Trustee appealed to the District Court, which reversed the Bankruptcy Court's decision, holding that the Bankruptcy Court's equity powers could not be used to disregard language within the Code that is unambiguous. 119 B.R. 131. The debtors now appeal the District Court's order.
 
 II.
 
 5
 The debtors raise two issues on appeal: (1) whether the District Court erred in finding that the Bankruptcy Court improperly used its equity powers; and (2) notwithstanding the equity powers issue, whether the debtors are entitled to employ Jacques Inc. pursuant to section 1107(b).
 
 
 6
 The equity powers of section 105 allow the Bankruptcy Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. Sec. 105(a). Although section 105(a) grants the Bankruptcy Court equitable power, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206, 108 S.Ct. 963, 968-69, 99 L.Ed.2d 169 (1988). See Wasserman v. Immormino, 921 F.2d 74, 77 (6th Cir.1990) (the bankruptcy court's "equitable powers may only be exercised within the confines of the Bankruptcy Code"). The debtors ask this Court to allow the Bankruptcy Court to use section 105 to circumvent the clear directive of section 327. Section 327(a) states that:(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
 
 
 7
 11 U.S.C. Sec. 327(a) (emphasis added).
 
 
 8
 The debtors admit that Jacques Inc. is not a disinterested person. The debtors argue, however, that because the Bankruptcy Court found that the debtors would be best served if they were able to employ Jacques Inc., the Bankruptcy Court's equitable powers allow it to give approval. Section 327(a) clearly states, however, that the court cannot approve the employment of a person who is not disinterested, even if the person does not have an adverse interest. This Court has held that bankruptcy courts "cannot use equitable principles to disregard unambiguous statutory language." In re C-L Cartage Co., Inc., 899 F.2d 1490, 1494 (6th Cir.1990). Therefore, the District Court was correct in reversing the Bankruptcy Court. The equitable powers of section 105(a) may only be used in furtherance of the goals of the Code. By forbidding employment of all interested persons, section 327 prevents individual bankruptcy courts from having to make determinations as to the best interest of the debtors in these situations. Section 105(a) cannot be used to circumvent the clear directive of section 327(a).
 
 
 9
 The debtors next raise the issue of whether the Bankruptcy Court could permit the debtors to employ Jacques Inc. under section 1107(b), which provides:
 
 
 10
 (b) Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.
 
 
 11
 11 U.S.C. Sec. 1107(b) (emphasis added). The debtors claim that this section allows them to employ Jacques Inc., despite the fact that they admit that Jacques, Inc. is not a disinterested person, and is an insider.
 
 
 12
 The debtors correctly point to section 1107(b) as applicable to this case. Section 1107(b) does provide for an exception to the ban on employment of interested persons, where the employer is a debtor in possession, rather than a trustee, and where the person fails to qualify as a disinterested person solely due to former employment by the debtor. There are, however, many relationships other than former employment that will cause a person to fail to be disinterested. Section 101(13)(A) defines a disinterested person as a person that "is not a creditor, an equity security holder, or an insider." 11 U.S.C. Sec. 101(13)(A) (emphasis added).
 
 
 13
 The parties agree that Jacques, Inc. is not a disinterested party. If Jacques Inc. were not disinterested merely because of prior employment by the debtors, then section 1107(b) would allow the debtors to continue to employ Jacques Inc. However, the section 1107(b) exception does not apply to all interested persons, but only to those who fail to be disinterested solely because of prior employment. See In re Leisure Dynamics, Inc., 32 B.R. 753, 755 (Bankr.D.C.Minn.) ("a very narrow exception is being drawn to the requirements of Sec. 317(a).... disqualification is not mandated solely because of prior employment or representation by the debtor."), aff'd, 33 B.R. 121 (D.Minn.1983). The debtors admit that Jacques Inc. is an insider under section 101(30)(F). Therefore, Jacques Inc. is an interested person for reasons other than prior employment, and does not qualify as a disinterested person for reasons other than its status as a former employee of the debtors. The section 1107(b) exception that would allow the Bankruptcy Court to approve the debtors' request to employ Jacques Inc. does not apply.[1]
 
 
 14
 Accordingly, the District Court's decision reversing the Bankruptcy Court is AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 The Trustee argues that the debtors' pre-filing debt to Jacques Inc. also prevents Jacques Inc. from qualifying as a disinterested person. We need not decide in this case whether a pre-filing debt that arises out of prior employment alone prevents a person from qualifying as a disinterested person